REC_IPT # $ 8574
AMOUNT $  157
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OSPREY UNDERWRITING        )
AGENCY LIMITED,            )
CENTENNIAL INSURANCE       )
COMPANY                    )
and                        )
CERTAIN UNDERWRITERS AT    )
LLOYDS                     )
         Plaintiffs        )
                           )
    v.                     )
                           )
VICTOR P. CAPALDI          )
and                        )
AGA FISHING CORP.,         )
         Defendants        )

**04**ᶜᵛ**11965 JLT**

MAGISTRATE JUDGE Collings

**CIVIL ACTION NO.** _____

## COMPLAINT FOR DECLARATORY JUDGMENT

### The Parties

1.  The plaintiff, Osprey Underwriting Agency Limited ("Osprey"), is an insurance agency with a principal place of business located in London, UK.

2.  The plaintiff, Centennial Insurance Company ("Centennial") is an insurance company with a principle place of business located in New York, New York.

3.  The plaintiff, Certain Underwriters at Lloyds, are insurance underwriters with a principal place of business in London, UK.

4.  The defendant, Victor P. Capaldi ("Capaldi"), is an individual residing in Rochester, Massachusetts.

5.  The defendant, AGA Fishing Corp., is a duly organized corporation doing business in the

Commonwealth of Massachusetts.

## **Jurisdiction**

6.    This is an action for declaratory relief pursuant to 28 U.S.C.A. §2201 on policies of
marine insurance issued by Certain Underwriters at Lloyds and Centennial (collectively
referred to as "Underwriters") to AGA Fishing Corp.  This Court has admiralty
jurisdiction pursuant to 28 U.S.C.A. §1333 and this action is brought within the meaning
of Fed. R. Civ. P. 9(h).

## **Facts and Allegations**

7.    At all times relevant to this action Capaldi was employed as a crew member aboard the
F/V GEORGIE J., a scalloping vessel owned by AGA Fishing Corp.

8.    On or about November 25, 2003, Capaldi sustained severe personal injuries when a block
hanging above the deck fell and struck him in the back of his head.  Capaldi has filed a
civil action against AGA fishing Corp. (Civil Action No. 04-10755-JLT) and alleges
Jones Act Negligence and liability for Unseaworthiness, along with a claim for
Maintenance and Cure.

9.    As a result of this accident, Capaldi, who was thirty years old at the time, required
surgical procedures including a decompressive laminectomy as well as bone fusion
surgery and hardware placement.  Upon information and belief, Capaldi currently has

very little movement in his upper and lower extremities and is dependent upon assistance for most activities. Capaldi receives home nursing care and has not yet achieved maximum medical improvement.

10.    The F/V GEORGIE J. was insured by a primary insurance policy issued by Centennial (Policy No. 121803622) which provided coverage in the amount of $250,000. Policy attached as **Exhibit A**.

11.    The F/V GEORGIE J. was insured by an excess insurance policy issued by Certain Underwriters at Lloyds (Policy No. PL106250a-53) which provided excess coverage in the amount of $750,000. Policy attached as **Exhibit B**.

12.    The policies at issue are indemnity policies which provide that the proceeds are to be paid to the insured after the insured makes payment to the claimant.

13.    These policies provide for the cost of the insured's defense to be included within the combined policy limits. Accordingly, the combined policy limit is decreased proportionately with the amount of the defense costs.

14.    Additionally, these policies provide for the cost of maintenance and cure benefits to be included within the combined policy limits. Accordingly, the combined policy limit is decreased proportionately with the amount of the maintenance and cure which is paid.

15.    Capaldi has contended that the amount of future maintenance and cure, along with the anticipated settlement or judgment should AGA Fishing Corp. be found liable, will exceed the policy limits.

16.    Capaldi has contended that the liability in this matter is reasonably clear and based upon

3

the predicted exposure, has requested that Underwriters tender the balance of the policies to the plaintiff, which is approximately $600,000 as of September 10, 2002.

17.    Capaldi has served Underwriters with a MGL c. 93A/176D Demand Letter seeking the remainder of the combined policies, for settlement of the maintenance and cure claims only, with the remainder of the policy, if any, to be applied as a credit towards the amount of the settlement of Capaldi's underlying civil action.  Letter attached as **Exhibit C**.

18.    Counsel for the insured, AGA Fishing Corp., has served Underwriters with written objection to the tender of the policy to the plaintiff.  Letter attached as **Exhibit D**. Furthermore, counsel for AGA Fishing Corp. has indicated that they will bring suit against Underwriters if the policy is tendered to the plaintiff.

19.    Due to the opposing pressure from both Capaldi and the insured, Underwriters are in the untenable position of facing litigation from either side following their decision as to whether or not to tender the policy.

20.    There is conflicting language in the policies concerning Underwriters' ability to tender the policies directly to the plaintiff.  On the one hand, there is a provision which states that if the assured shall refuse to settle any claim as authorized by Underwriters, then the liability of Underwriters shall be limited to the amount for which the settlement could have been made, plus legal expenses, at the time of the proposed settlement.  On the other hand, there is a provision in the Fishing Vessel Clauses which states that:

". . . it is agreed that the company shall be at liberty to make payment of losses directly to the crewmember, lumper or other third party involved and the receipt of such crewmember, lumper or other third party shall constitute a full discharge of liability herein save for disbursement made by the assured and covered by the terms of this policy."

4

Accordingly, the provision in the Fishing Vessel Clauses appears to give Underwriters the ability to pay a third party directly.

21. Underwriters have also received a Notice of Lien for Attorneys' Fees from counsel for AGA Fishing Corp., which reiterates counsel's objection to Underwriters tendering the policies balance. Notice attached as **Exhibit E**.

22. Overriding the dispute between the plaintiff and AGA Fishing Corp. concerning Underwriters' ability to tender the limits of an indemnity policy is the case of Saunders v. Austin Fishing Corp., 352 Mass. 169 (1967). In Saunders there was a judgment against the insured and an execution had issued, but the plaintiff had been unable to collect from the insured. The plaintiff filed an action to reach and apply the insurance policy and the underwriters defended by claiming that it was an indemnity policy and its obligations were not triggered until and unless the insured had first paid. The court ultimately held that the indemnity policy was void as against public policy and converted it into a liability policy, allowing payment to be made directly to the plaintiff. Decision attached as **Exhibit F**.

Wherefore, Underwriters request that this Court declare as follows:

a. That this Court has jurisdiction to determine the rights and liabilities of the parties to the attached policy pursuant to 28 U.S.C.A. §2201;

b. That this Court determine the rights and obligations of Certain Underwriters at

Lloyds (Policy No. PL106250a-53) and Centennial (Policy No. 121803622) pursuant to the policies of insurance issued to AGA Fishing Corp., with respect to the question of whether Certain Underwriters at Lloyds and Centennial may or are required to tender the limits of these policies directly to the plaintiff over the objection of the insured;

c.      And that the Court issue such other and further declaration as the Court deems appropriate.

Respectfully submitted,
Osprey Underwriting Agency Limited,
Certain Underwriters at Lloyds and
Centennial Insurance Agency,
By their attorneys:

**REGAN & KIELY LLP**

9 - 10 - 04

Joseph A. Regan (BBO #543504)
Syd A. Saloman (BBO #645267)
85 Devonshire Street
Boston, MA 02109
(617)723-0901

6